## Case No. 8,104.

### In re LATHROP.

. [5 Ben. 199;[1] 5 N. B. R. 43.]

District Court, S. D. New York. June, 1871.

CLAIMS PURCHASED FOR BANKRUPTS—SUBROGATION —ACCOUNTING—STATE COURT.

1. Three partners, L., C. and B., were adjudged bankrupts. Certain claims were proved in the bankruptcy proceedings by P. Other claims, proved by other persons, were bought by P. Certain other claims were proved by H. All these claims were disallowed as against bona fide creditors, because P. and H. had acted for the bankrupts in purchasing the claims. The assets in the hands of the assignees exceeded the amount of the unpaid debts, proved and unproved. L. thereupon filed a petition that the claims held by P. and H. be disallowed and rejected, and that he be allowed his share of the estate, or that the estate be assigned to him jointly with C. and B. It appeared that what was done towards purchasing the claims was done by C. and B., that the claims were bona fide claims against the estate, and that a suit for an accounting between the partners was pending in a state court: *Held*, that P. and H. might be considered as subrogated to the rights of the creditors whose claims they bought, to the extent of the amounts paid by them for such claims respectively.

2. The amount of the unpaid proved debts must be paid, with interest; the amount of the unpaid unproved debts must be deposited in court, with interest; the commissions and fees of the assignees, and the fees and expenses of their attorney and counsel, and of the officers of court, must be paid; then P. and H. must be paid the amounts paid by them respectively for the claims, with interest: and the rest of the estate must be transferred to the bankrupts.

[Cited in Nicholas v. Murray, Case No. 10,-223.]

3. The state court was the proper tribunal for the settlement of the accounts between the partners.

[In the matter of Robert Lathrop and others, comprising the firm of Lathrop, Cady & Burtis, bankrupts. The case was heard upon petition of Morgan and Clark asking that certain proofs of debt filed by C. D. Prescott be disallowed. The court referred the case to the register to report upon the testimony to be taken by him as to what, if any, of the Prescott claims should be disallowed. Case No. 8,103. The case is now heard upon the report and all the papers in the case.]

George Wilcox, for Lathrop.

Dexter A. Hawkins, for himself and Prescott, and Cady and Burtis.

BLATCHFORD, District Judge. I am still of the opinion stated by me heretofore

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

in this case,—In re Lathrop [Case No. 8,-103],—that the claims proved by Prescott, and those proved by other persons, and since purchased by Prescott, are not the property of Prescott, for the reason that he acted for the bankrupts in purchasing such claims, and that such claims must, therefore, be rejected as illegal. This view extends to all the claims now shown to be held in the name of Prescott, and to those now shown to be held in the name of Mr. Hawkins. But the light in which I was considering the claims when they were before me on the previous occasion, and the view thus then stated, and now restated, in regard to all such claims, both those in the name of Prescott and those in the name of Mr. Hawkins, regarded and regards the position and rights of the holders of the claims only as between themselves, as agents, or their real principals, the bankrupts, and such bona fide creditors of the bankrupts as had not parted with their claims, by transferring them in the shape of a sale, to Prescott or some other person acting for the bankrupts. It now appears, that, aside from the claims so held by Prescott and by Mr. Hawkins, the unpaid proved debts amount to only $231.80, and the unpaid unproved debts to only $93.37, and that the assets in the hands of the assignees in bankruptcy are ample to pay such debts in full. While, therefore, as between the estate in the hands of the assignees and the bona fide unpaid creditors of the bankrupts, the claims held by Prescott, and by Mr. Hawkins, could not come in, as the claims of creditors, for a dividend, until all the claims proved by bona fide unpaid creditors should be fully paid, yet, when such last-named claims, and all the unpaid unproved debts are disposed of, as is now practically the case, the question, on the evidence now before me, is a very different one. I am now called upon to distribute the surplus assets of the bankrupts among themselves, or to transfer such assets to the bankrupts. The question comes up on a petition by Lathrop, one of the bankrupts, that the claims held by Prescott and Mr. Hawkins be disallowed and rejected, and that he be allowed his share of the estate, or that the estate be assigned by the assignees to him jointly with the other two bankrupts, his former partners, Cady and Burtis.. If he is to enjoy the benefit of the rejection of the claims held by Prescott and Mr. Hawkins, as claims to their full amounts against the estate, he must take such benefit cum onere. Such claims amount, on their faces, to $105,023.84. He repudiates having had anything to do with the purchase of such claims, and has alleged and proved that what has been done towards purchasing them has been done wholly by Cady and Burtis, through the agency of Prescott and of Mr. Hawkins. The money that was raised to purchase the claims, was put into the hands of Prescott, to the extent of $62,-315.81, and into the hands of Mr. Hawkins, to the extent of $1,564. With the former sum Prescott purchased claims to the amount of $103,409.84, and with the latter sum Mr. Hawkins purchased claims to the amount of $1,614. These claims, before they were so purchased, were all of them bona fide debts against the bankrupts, for which Lathrop was liable. By their rejection he is to be freed from the amount of indebtedness which they represent. It is not equitable that he should be so freed without contributing his share of the money which went to satisfy the creditors who held the claims. Prescott and Mr. Hawkins represent those who furnished such money, whoever they were. The amounts paid by Prescott and by Mr. Hawkins for the claims must be refunded to them, as an equitable claim against the estate in the hands of the assignees, before such estate can be distributed among the bankrupts or turned over to them. In this regard, Prescott and Mr. Hawkins may be considered as subrogated to the rights of the creditors who* assigned to them, to the extent of the moneys they actually paid to such creditors, and the claims may be considered as valid in their hands to the extent of the moneys they so paid, with interest.

A suit for an accounting in respect of the partnership affairs of the bankrupts, as between themselves, is pending in a court of the state. That is the proper tribunal to superintend and enforce such accounting. The pleadings in such suit have formal shape, and the rights of the partners, as respects each other, will not be adjudicated as the out-branch of a proceeding in bankruptcy. The assignees in bankruptcy are entitled to be relieved as soon as possible from this tedious and troublesome and acrimonious contest among these partners, and to depart without day when all the creditors of the bankrupts depart.

A decree will be entered, providing, (1) for the payment in full, by the assignees, of the $231.80 of unpaid proved debts, with interest; (2) for the payment into court of the $93.37 of unpaid unproved debts, with interest; (3) for the payment of the commissions of the assignees, and the charges, fees, disbursements and expenses of their attorney and counsel, and the fees of the register and the clerk; (4) for the payment to Prescott of the $62.315.81, with interest, and to Mr. Hawkins of the $1,564, with interest; (5) for the transfer of the remainder of the estate by the assignees to the bankrupts jointly, by proper instruments.

[For a decision by the court sustaining certain questions asked Prescott upon examination before the register, see Case No. 8,106.]